

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KAREEM AKEEM OLAJUWON,

    Petitioner,

v.

                                 Civil Action No. 3:08CV268

GENE M. JOHNSON,

    Respondent.

### MEMORANDUM OPINION

Kareem Akeem Olajuwon, a Virginia state prisoner, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Petersburg ("Circuit Court"), for five counts of taking indecent liberties with a child and three counts of carnal knowledge of a child by an adult. Olajuwon contends that he is entitled to relief on the following grounds:

Claim 1    Olajuwon was denied the effective assistance of counsel when counsel failed to object to
      (A)   the prosecutor's *Brady*[1] violation;
      (B)   perjured testimony presented at trial;
      (C)   vague, defective indictments; and,
      (D)   the prosecutor subjecting Olajuwon to multiple punishments for the same offense in violation of Olajuwon's rights under the Double Jeopardy Clause;[2]

Claim 2    The Circuit Court erred in concluding that there was sufficient evidence of a custodial relationship;

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V.

Claim 3      The Circuit Court failed to consider Olajuwon's
             argument that the offenses include a "nexus"
             requirement;

Claim 4      The Court of Appeals failed to consider his
             argument that there was insufficient evidence of
             his guilt; and,

Claim 5      Olajuwon's rights under the Virginia Speedy Trial
             Act were violated.

(Pet. for Writ of Habeas Corpus 16, 18, 25, 27, 29-30.)  Respondent

contends, *inter alia*, that Claims 1(A), 1(B), 1(C), and 1(D) are

procedurally defaulted.[3]

## I.  PROCEDURAL HISTORY

The Circuit Court entered final judgment on Olajuwon's

convictions and sentences on June 1, 2005.  The Court of Appeals of

Virginia denied his petition for appeal on June 29, 2006.  Olajuwon

appealed to the Supreme Court of Virginia.  On December 14, 2006,

the Supreme Court of Virginia refused Olajuwon's petition for

appeal.

On September 14, 2007, Olajuwon filed a petition for a writ of

habeas corpus with the Circuit Court.  This petition raised Claims

1(A), 1(B), 1(C), and 1(D).  On November 8, 2007, the Circuit Court

denied the petition for lack of merit.  Olajuwon then filed a

petition for appeal with the Supreme Court of Virginia.  Olajuwon's

petition for appeal did not claim that counsel was constitutionally

ineffective; rather, Olajuwon claimed that his conviction was

_____

[3] Respondent did not interpret Olajuwon's habeas petition to
include Claims 2, 3, 4, or 5.

2

unconstitutional because of the underlying violations to which counsel failed to object. On March 12, 2008, the Supreme Court of Virginia dismissed his appeal because the petition's assignments of error did not comply with Virginia Supreme Court Rule 5:17(c).

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911 (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults

claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Olajuwon raised his ineffective assistance of counsel claims for the first time in his state habeas petition. The Supreme Court of Virginia refused to review the Circuit Court's denial of Olajuwon's habeas claims because his petition for appeal did not address the specific errors in the Circuit Court's ruling, in violation of Virginia Supreme Court Rule 5:17(c).[4] See Martin v. Howard, 643 S.E.2d 229, 232 n.5 (Va. 2007). Rule 5:17(c) constitutes an adequate and independent procedural grounds for dismissal. See Hedrick v. True, 443 F.3d 342, 359-63 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 582-84 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 264-65 (4th Cir. 1999). Thus, his claims are procedurally defaulted. Cf. Whitley v. Bair, 802

---

[4] Rule 5:17(c) reads, in relevant part, "Under a separate heading entitled 'Assignments of Error,' the petition shall list the specific errors in the rulings below upon which the appellant intends to rely." Olajuwon did not address the Circuit Court's denial of his state habeas petition; indeed, he brought entirely different claims.

4

F.2d 1487, 1500 (4th Cir. 1986) (concluding failure to appeal the dismissal of habeas claims by state trial court bars federal habeas review of such claims).

Olajuwon argues that his petition is not procedurally defaulted because he satisfies the cause and prejudice standard. (Petr.'s Resp. to Respt.'s Mot. to Dismiss 5-6.) Specifically, Olajuwon argues that his meritorious claims of ineffective assistance of counsel excuse his failure to comply with Virginia's procedural rules. In order to demonstrate cause, Olajuwon must establish that an objective external factor prevented him from complying with the state procedural rule. See Breard, 134 F.3d at 620. The Supreme Court has emphasized that "'cause' under the cause and prejudice test must be something . . . that cannot fairly be attributed to [the petitioner]." Coleman, 501 U.S. at 753. Attorney error that amounts to constitutionally ineffective assistance of counsel can provide the cause necessary to excuse procedural default. Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (citing Coleman, 501 U.S. at 752-54; Murray v. Carrier, 477 U.S. 478, 483 (1986)).

There is no right to effective assistance of counsel on habeas review. Mackall, 131 F.3d at 449. Olajuwon therefore cannot demonstrate that counsel was constitutionally ineffective with regard to state habeas proceedings. Moreover, Olajuwon does not explain how counsel's ineffective assistance at trial caused

5

Olajuwon's own failure to comply with state procedural rules during
the subsequent state habeas proceedings.  He has therefore failed
to show cause for his procedural default.

Olajuwon also "asks this Court to determine whether his
procedural defaults or bar should be excused to prevent injustice
or miscarriage of justice because of his counsel was ineffective
and or: the prosecutor Blalock use of false testimony by his key
witness Ms. Jeniffer Dillworths."  (Petr.'s Resp. to Respt.'s Mot.
to Dismiss 9 (capitalization corrected).)   The miscarriage of
justice exception applies when a prisoner is actually innocent of
the crime of which he was convicted.[5]  "Claims of actual innocence
. . . presented . . . as gateways to excuse a procedural default,
see Schlup v. Delo, 513 U.S. 298, 317 (1995), should not be granted
casually."   Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).
The Supreme Court has explained that a claim of actual innocence
must be supported with "new reliable evidence – whether it be
exculpatory scientific evidence, trustworthy eyewitness accounts,
or critical physical evidence – that was not presented at trial.
Because such evidence is obviously unavailable in the vast majority
of cases, claims of actual innocence are rarely successful."
Schlup, 513 U.S. at 324.

---

[5] Contrary to Olajuwon's suggestion, fundamental unfairness
in his proceedings would not entitle him to review of his
defaulted claims.  United States v. Olano, 507 U.S. 725, 736
(1993) (citing Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992)).

6

If a petitioner meets this burden, the Court must then evaluate "petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Id. at 328 (internal quotations omitted). Olajuwon must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327; see also O'Dell v. Netherland, 95 F.3d 1214, 1249-50 (4th Cir. 1996) (en banc). Olajuwon, however, has produced no new evidence of his innocence. The miscarriage of justice exception does not apply, and his claims are therefore procedurally defaulted.

Respondent's motion to dismiss (Docket No. 11) will be GRANTED. Claims 1(A) through 1(D) will be DISMISSED.

The Clerk is directed to mail a copy of the Memorandum Opinion to Olajuwon and counsel for Respondent.

It is so ORDERED.

_____/s/_____      REP
Robert E. Payne
Senior United States District Judge

Date: November 12, 2005
Richmond, Virginia

7