

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

KAREEM AKEEM OLAJUWON,

    Petitioner,

v.                                               Civil Action No. **3:08CV268**

GENE M. JOHNSON,

    Respondent.

**MEMORANDUM OPINION**

Kareem Akeem Olajuwon, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Petersburg ("Circuit Court"), for five counts of taking indecent liberties with a child and three counts of carnal knowledge of a child by an adult. On July 17, 2008, Respondent filed a partial motion to dismiss, which the Court granted. The following claims remain before the Court:

> **Claim 2**    The Circuit Court erred in concluding that there was sufficient evidence of a custodial relationship;
>
> **Claim 3**    The Circuit Court failed to consider Olajuwon's argument that there was insufficient evidence of a nexus between the custodial relationship and the indecent liberties taken;
>
> **Claim 4**    The evidence was insufficient to support his convictions; and,
>
> **Claim 5**    Olajuwon's rights under the Virginia Speedy Trial Act were violated.

(Pet. 29-30.) On November 14, 2008, Respondent filed a supplemental motion to dismiss addressing the remaining claims.

Respondent contends, <u>inter alia</u>, Claim 4 is procedurally defaulted, Claim 5 is not cognizable in habeas because it is a matter of state law only, and the remaining claims lack merit.  Olajuwon has filed a response, and this matter is ripe for judgment.

## I.  PROCEDURAL HISTORY

Olajuwon was indicted on April 15, 2004, for five counts of taking indecent liberties (by committing sexual abuse as defined in Va. Code § 18.2-67.10) with Jane Doe, a child under the age of eighteen over whom he had a custodial or supervisory relationship. Olajuwon also was indicted on three counts of carnal knowledge of Jane Doe, a child between thirteen and fifteen years of age.  The indictments alleged that each crime occurred "between the dates of February 16, 2002 and April 11, 2002."  (Circuit Court Rec. 39-46.)

On August 17, 2004, Olajuwon's first trial ended in a mistrial after the jury was unable to reach a verdict.  Olajuwon's second trial was held on December 6, 2004.  The prosecution called Jane Doe, who provided the only direct testimony regarding the offenses. Jane Doe testified as to offenses that occurred on February 16 and 17, 2002, and that similar incidents occurred approximately every other day until April 11, 2002.  Jane Doe's brother also testified, as did a classmate and a rape hotline worker with whom Jane Doe spoke several times in March 2003.

At the close of the prosecution's case, defense counsel moved to strike the indecent liberties charges because there was no

2

evidence of a custodial relationship or of lascivious intent. Counsel also moved to strike the carnal knowledge charge on the grounds that "there's been conflicting testimony, that the witness's credibility has been impeached several times." (Tr. 156.) The Circuit Court denied these motions. Counsel then made a motion to dismiss the case because of a violation of Virginia's speedy trial statute, which the Circuit Court denied.

Jane Doe's mother then testified as the sole witness for the defense. The jury found Olajuwon guilty on all counts and recommended an eleven-year sentence. The Circuit Court entered final judgment on June 1, 2005, sentencing Olajuwon to a total active term of imprisonment of eleven years.

On March 15, 2006, the Court of Appeals of Virginia affirmed Olajuwon's conviction. Olajuwon v. Commonwealth of Virginia, No. 1475-05-2, at 1 (Va. App. March 15, 2006) (hereinafter "Direct Appeal Op."). The Court of Appeals made the following findings:

1.  The evidence presented at trial was sufficient to prove beyond a reasonable doubt that Olajuwon had a custodial or supervisory relationship with Jane Doe.

2.  The contemporaneous objection rule embodied in Virginia Supreme Court Rule 5A:18[1] barred Olajuwon's claim that he was entitled to impeach his own witness.

---

[1] Rule 5A:18 provides: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."

3

3.  Rule 5A:18[2] also barred Olajuwon's claims that the evidence introduced at trial was insufficient to support:
    (a)  all of his convictions, because Jane Doe's testimony was inherently incredible, and
    (b)  the third count of carnal knowledge and the third, fourth, and fifth count of indecent liberties, because Jane Doe could only provide specific details for two incidents.

4.  Olajuwon's right to a speedy trial under Section 19.2-243(5) of the Virginia Code was not violated.

Olajuwon appealed to the Supreme Court of Virginia, raising the following assignments of error:

I.  The Court of Appeals erred in concluding there was sufficient evidence of a custodial or supervisory relationship.

II.  The Court of Appeals erred in failing to consider the argument that the requirement of a custodial or supervisory relationship includes a requirement that it have a nexus to the acts complained of.

III. The Court of Appeals erred in concluding Rule 5A:18 barred the question whether Mr. Olajuwon was entitled to "impeach his own witness."

IV.  The Court of Appeals erred in concluding Rule 5A:18 barred the question whether the evidence was sufficient to support the convictions.

---

[2] The Court of Appeals of Virginia explained that "Rule 5A:18 requires that objections to a trial judge's action or ruling be made with specificity in order to preserve an issue for appeal. The trial judge must be alerted to the precise issue to which a party objects." (Direct Appeal Op. 4 (citations omitted).) At trial, however, Olajuwon did not raise these specific objections. Thus, "the requirements of Rule 5A:18 ha[d] not been met" with respect to these claims. (Direct Appeal Op. 4.) Moreover, there was no basis in the record to invoke any exception to the rule.

> V.   The Court of Appeals erred in concluding
> there was no violation of the Virginia Speedy
> Trial Act.

Pet. for Appeal 2, <u>Olajuwon v. Commonwealth of Virginia</u>, No. 061552
(Va. Jul. 31, 2006).   On December 14, 2006, the Supreme Court of
Virginia refused Olajuwon's petition for appeal.

On or about September 17, 2007, Olajuwon filed a petition for
a writ of habeas corpus in the Circuit Court.   Olajuwon claimed
trial counsel had rendered ineffective assistance by failing to
object to:

1.   the prosecution's <u>Brady</u> violation;

2.   the prosecution's use of perjured testimony;

3.   the defective, vague indictments that did not apprise him
of the alleged victim's name or of the location and dates
of the alleged offenses; and,

4.   a violation of the Double Jeopardy Clause.[3]

Pet. 6, 9, 17, & 20, <u>Olajuwon v. Johnson</u>, Case No. CL07000656-00,
at 2 (Circuit Court of Petersburg Sept. 17, 2007).   On November 8,
2007, the Circuit Court denied the petition.   The Circuit Court
found, <u>inter alia</u>, that "the attorney . . . had no grounds on which
to challenge the indictment or to raise a claim of multiple
punishments," and that Olajuwon was not prejudiced by his

---

[3] "No person shall . . . be subject for the same offence to be
twice put in jeopardy of life or limb . . . ."   U.S. Const. amend.
V.   Olajuwon reasoned that, because Jane Doe testified only to
specific events occurring on February 16 and 17, 2002, conviction
on any count supported solely by her assertion that similar conduct
occurred approximately every other day for two months imposed
multiple punishments for the same acts.

attorney's failure to raise those claims.  <u>Olajuwon v. Johnson</u>, Case No. CL07000656-00, at 2 (Circuit Court of Petersburg Nov. 8, 2007).

On November 28, 2007, Olajuwon filed a petition for appeal with the Supreme Court of Virginia.  Olajuwon's petition for appeal did not contend that the Circuit Court's decision was erroneous; indeed, it did not raise the same claims as his state habeas petition.  Instead, it raised only the constitutional violations to which Olajuwon alleged counsel should have objected.  Specifically, Olajuwon claimed that his conviction was unconstitutional due to: (1) the prosecution's <u>Brady</u> violation; (2) the prosecution's use of perjured testimony; (3) defective, vague indictments; and, (4) Olajuwon being subject to double jeopardy.  On March 12, 2008, the Supreme Court of Virginia dismissed his appeal because the petition's assignments of error did not comply with Virginia Supreme Court Rule 5:17(c).[4]

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for

---

[4] Rule 5:17(c) provides in pertinent part that the assignments of error "shall list the specific errors in the rulings below upon which the appellant intends to rely."

federal habeas relief." <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998) (<u>citing</u> <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997)).   "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." <u>Matthews</u>, 105 F.3d at 911 (<u>citing</u> <u>Spencer v. Murray</u>, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." <u>Breard</u>, 134 F.3d at 619.   This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." <u>Id.</u> (<u>citing</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" <u>Id.</u> (<u>quoting</u> <u>Coleman</u>, 501 U.S. at 735 n.1).   Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim.   <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989).

Respondent argues that Claim 4 is procedurally defaulted. On appeal to the Supreme Court of Virginia,[5] Olajuwon argued that "on the occasions other than February 16 & 17, 2002, there is no evidence of any specific facts, but only that 'this sort of thing happened' daily or every other day until April 11, 2002." Pet. for Appeal 11, Olajuwon v. Commonwealth of Virginia, No. 061552 (Va. Jul. 31, 2006).[6] The Virginia courts refused to examine the merits of Claim 4 because Olajuwon had not raised any specific objection at trial as required by Virginia Supreme Court Rule 5A:18.[7] Olajuwon v. Commonwealth of Virginia, No. 1475-05-2, at 4 (Va. App. March 15, 2006). The Court of Appeals of Virginia explained that:

> Appellant . . . argues that the evidence was insufficient because the girl could not provide specific details about any incidents other than those that occurred on February 16

---

[5] Olajuwon does not articulate Claim 4 with specificity, instead merely expressing his desire to re-argue the same grounds as his direct appeal. (Pet. 29.) The Court will therefore construe Claim 4 as identical to the claim raised on direct appeal.

[6] Olajuwon also argued on appeal to the claim that the victim's testimony was "inherently incredible" and insufficient according to Virginia law. Pet. for Appeal 12, Olajuwon v. Commonwealth of Virginia, No. 061552 (Va. Jul. 31, 2006). Federal courts, however, are not "free to reject the federal standard in favor of a stricter state standard that is not constitutionally mandated." Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985). This claim is therefore not cognizable on federal habeas review.

[7] Because the Supreme Court of Virginia summarily rejected Olajuwon's petition for appeal, it is presumed that it dismissed Claim 4 for the reasons stated by the Court of Appeals of Virginia. See White v. Johnson, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

> and 17, 2002.  In moving to strike the carnal
> knowledge offenses at trial, appellant argued
> only that "there's been conflicting testimony"
> and "that the witness's credibility has been
> impeached several times."   [Tr. 156.]  At
> trial, appellant also challenged the indecent
> liberties charges, arguing the lack of a
> custodial or supervisory relationship . . .
> and the sufficiency of the evidence of his
> intent.   He does not advance on appeal any
> issue concerning [his intent].
>         Rule 5A:18 requires that objections to a
> trial judge's action or ruling be made with
> specificity in order to preserve an issue for
> appeal.  See Campbell v. Commonwealth, 12 Va.
> App. 476, 480 (1991) (en banc).  The trial
> judge must be alerted to the precise issue to
> which a party objects.   See Neal v.
> Commonwealth, 15 Va. App. 416, 422-23 (1992).
> Given that the requirements of Rule 5A:18 have
> not been met, we will not consider these
> questions on appeal.  The record supports no
> basis to invoke the exceptions to the rule.

Id. (parallel citations omitted).  Rule 5A:18 constitutes an

adequate and independent ground for denying a claim.  See Clagett

v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000).   Claim 4 is

therefore procedurally defaulted.

Olajuwon contends that the ineffective assistance of counsel

constitutes cause to excuse his default.   The Supreme Court,

however, has held that "an ineffective-assistance-of-counsel claim

asserted as cause for the procedural default of another claim can

itself be procedurally defaulted . . . ."  Edwards v. Carpenter,

529 U.S. 446, 453 (2000).  On collateral appeal to the Supreme

Court of Virginia, Olajuwon did not assert that counsel rendered

ineffective assistance, and his petition for appeal was rejected

because the assignments of error therein did not comport with Va. Sup. Ct. R. 5:17(c). Olajuwon thereby failed to properly present any claim of ineffective assistance of counsel to Virginia's highest court. See Friedline v. Commonwealth, 576 S.E.2d 491, 494 (Va. 2003). If Olajuwon attempted to bring his claim now, it would be denied because the time for appeal has passed. Va. Sup. Ct. R. 5:17(a)(1). Olajuwon's ineffective assistance claim is also procedurally defaulted, and therefore cannot constitute grounds for excusing his procedural default of the insufficient evidence claim. See Edwards, 529 U.S. at 450-51. Claim 4 will be DISMISSED.

### III. THE APPLICABLE SUBSTANTIVE AND PROCEDURAL CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal relief, an inmate must demonstrate that his rights under the Constitution, law, or treaties of the United States were violated. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Olajuwon contends in Claim 5 that his conviction violates the Virginia Speedy Trial Act. Va. Stat. Ann. § 19.2-243. This is purely an issue of state law, which is not cognizable on habeas review. Estelle, 502 U.S. at 67-68. To the extent Petitioner seeks to bring his claim pursuant to the Sixth Amendment[8] of the Constitution of the United States, he is procedurally barred from doing so because he did not invoke his

---

[8] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." U.S. Const. amend. VI.

federal right on direct appeal.  <u>See</u> <u>Breard v. Pruett</u>, 134 F.3d
615, 619 (4th Cir. 1998) (explaining that "[t]he exhaustion
requirement is not satisfied if the petitioner presents new legal
theories . . . for the first time in his federal habeas petition.")
(<u>citing</u> <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997)).
Accordingly, Claim 5 will be DISMISSED.

<b>IV.   INSUFFICIENCY OF EVIDENCE</b>

**A.   Standard of Review**

In Claims 2 and 3, Olajuwon contends that the Commonwealth
failed to present sufficient evidence to convict Olajuwon of the
crime of taking indecent liberties with a child.  On federal habeas
review, "a claim that evidence is insufficient to support a
conviction as a matter of due process depends on 'whether, after
viewing the evidence in the light most favorable to the
prosecution, <u>any</u> rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.'"
<u>Wright v. West</u>, 505 U.S. 277, 283-84 (1992) (<u>quoting</u> <u>Jackson v.
Virginia</u>, 443 U.S. 307, 319 (1979)).  Because federal habeas courts
must not unduly intrude upon the factfinding role of the trial
court or jury, this Court must assume that any conflicting evidence
was resolved in favor of the prosecution.  <u>Wilson v. Greene</u>, 155
F.3d 396, 405-06 (4th Cir. 1998); <u>Jackson</u>, 443 U.S. at 323.  Courts
are to "consider both circumstantial and direct evidence, and
allow the government all reasonable inferences that could be drawn

11

in its favor." <u>United States v. Harvey</u>, 532 F.3d 326, 333 (4th Cir. 2008) (<u>citing</u> <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982)).

The Virginia Code defined, in relevant part, the crime of taking indecent liberties with a child by a person in a custodial or supervisory relationship as follows:

> Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen . . . who, with lascivious intent, knowingly and intentionally . . . sexually abuses the child as defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

Va. Code § 18.2-370.1(A) (West 2001). "Sexual abuse" occurs when, "with the intent to sexually molest, arouse, or gratify any person:"

> a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts; [or,]
> b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts[.]

Va. Code Ann. § 18.2-67.10(6) (West 2001). "Intimate parts" include "the genitalia, anus, groin, breast, or buttocks of any person." <u>Id.</u> § 18.2-67.10(2).

**B.   Relevant facts**

The Court of Appeals aptly summarized the facts adduced at trial as follows:

In the evening of February 16, 2002, appellant entered the room where the teenage girl was watching television alone. While wearing a bathrobe, he touched the girl's breast and opened his robe, revealing his naked body. Appellant asked her to suck his penis, but she would not. Appellant then asked her to lower her shorts so that he could see her. She complied because she "had always been taught to obey those who are above [her] and older." The girl also testified she was afraid of appellant because she had witnessed appellant stab her father.

Later, as appellant was driving the girl to a store, he asked her whether she had seen "sex shows" on television, if she knew what masturbation was, and if she knew about the male and female reproductive systems. After they returned home, appellant lowered her shorts and performed oral sex upon her. Appellant also pushed her head down and had her suck his penis. The next morning, before appellant took the girl to school, he again performed oral sex upon her and had her suck his penis.

The girl testified that this type of activity occurred every day or every other day thereafter until April 11, 2002. She testified she did not tell her mother about appellant's actions because appellant made her mother happy and she "didn't want that taken away from her [mother]."

Olajuwon v. Commonwealth of Virginia, No. 1475-05-2, at 1-2 (Va. App. March 15, 2006). The Court of Appeals of Virginia concluded:

The evidence proved that appellant was the girl's mother's romantic friend and lived with the family. The girl viewed appellant as an adult whom she was required to obey. She had been taught to obey those older and "above" her. Appellant drove the girl to school on a regular basis after her mother had left for work.

Id. at 2-3.

## C.   Analysis

### 1.   Claim 2

In Claim 2, Olajuwon focuses on the "custodial relationship" element of the crime of "taking indecent liberties with child by person in custodial or supervisory relationship."  Va. Code Ann. § 18.2-370.1.  Virginia Courts have interpreted the term "custodial relationship" in Section 18.2-370.1 to include "one entrusted with the care of the child for a limited period of time."  Krampen v. Commonwealth, 510 S.E.2d 276, 277-79 (Va. App. 1999) (rejecting claim that evidence of "informal part-time casual relationship" was insufficient for conviction); see also Sadler v. Commonwealth, 654 S.E.2d 313, 316 (Va. App. 2007) (citing cases).  Jane Doe's testimony at trial demonstrates that she was alone with Olajuwon, who was temporarily entrusted with her care.  Olajuwon has thus failed to demonstrate that the state court's decision was factually or legally incorrect, much less unreasonable.  Claim 2 will be DISMISSED.

### 2.   Claim 3

In Claim 3, Olajuwon argues that there was insufficient evidence of a nexus between the custodial relationship and the acts forming the basis for his convictions for indecent liberties.[9]

---

[9] To the extent Olajuwon contends the Court of Appeals violated his constitutional rights by failing to address his arguments (Pet. 29.), this claim is procedurally defaulted because Olajuwon did not attempt to raise any such right in his appeal to the Supreme Court of Virginia.  Pet. for Appeal 5-7, Olajuwon v.

Olajuwon fails to provide any support for the proposition that Virginia law requires proof of any connection between the custodial relationship and the prohibited sexual acts.   Indeed, the Court of Appeals has rejected this argument.   <u>Sadler</u>, 654 S.E.2d at 316-17 (explaining that the text of "§ 18.2-370.1 does not require proof of a direct nexus of any type between the custodial or supervisory relationship and the defendant's wrongful conduct," and interpreting it to require a nexus would defeat the section's "obvious and intended scope").   Claim 3 will be DISMISSED.

### V.   CONCLUSION

Respondent's supplemental motion to dismiss (Docket No. 22) will be GRANTED.   Petitioner's claims will be DISMISSED.   The petition for a writ of habeas corpus will be DENIED.

The Clerk is directed to send a copy of the Memorandum Opinion to Olajuwon and counsel for Respondent.

It is so ORDERED.

_____ /s/        _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: _August 5, 2009_

---

<u>Commonwealth of Virginia</u>, No. 061552 (Va. Jul. 31, 2006).

15